**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

LARRY AUSTIN,

          **Plaintiff,**

                         **Case No. 24-cv-01934-SPM**

**v.**

**PERCY MYERS,**

          **Defendant.**

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

      This matter is before the Court on a "Motion for Reconsideration Alternatively Motion for Leave to Amend" filed by pro se Plaintiff Larry Austin. (Doc. 14). In the motion, Plaintiff argues that the claims against Healthcare Unit Administrator Christine Brown, Wexford Health Sources, Inc. (Wexford), and Nurse Summer were improperly dismissed pursuant to 28 U.S.C. §1915A in the Merit Review Order. (*See* Doc. 11). He asks the Court to reconsider the Merit Review Order dismissing these individuals. He also requests for leave to file an amended complaint so that he may replead and add allegations against various nurses and Assistant Warden Crow, who were also dismissed in the Merit Review Order, and so that he may add a defendant, Officer Britton. For the following reasons, the motion is **DENIED**.

      Under Federal Rule of Civil Procedure 54(b), the Court may revise any order adjudicating fewer than all the claims at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties. Motions to reconsider an order under Rule 54(b) are judged largely by the same standards as motions to alter or amend a judgment under Rule 59(e), "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton*

*Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

The Court properly dismissed the claims against Brown, Wexford, and Nurse Summer as inadequately pled. As to Brown, Plaintiff argues that his grievances, filed as exhibits, show Brown's personal knowledge and involvement in his treatment. Along with the Complaint, Plaintiff filed around a hundred pages of exhibits, which included medical records, request slips, grievances, information on the ADA and broken noses, and communications with counselors. "While the Court may consider documents attached to a complaint, it is [Plaintiff's] burden to plead a short and plain statement of the claim." *Partlow v. Reagle,* No. 23-cv-002207-TWP-KMB, 2024 WL 1908117, at *1 (S.D. Ind. May 1, 2024) (citing FED. R. CIV. P. 8(a)(2); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). To consider numerous exhibits during Section 1915A review "would circumvent the 'simple and plain statement requirement' of Rule 8(a)(2) of the Federal Rules of Civil Procedure and impose an unjustified burden on the Court," and the Court did not commit error by not sifting through "these voluminous documents and try[ing] to discern their potential relevance at the pleading stage." *Id.* (citing *Kadamovas v. Stevens,* 706 F. 3d 843, 844 (7th Cir. 2013)).

Plaintiff also argues he sufficiently pled an Eighth Amendment claim against Brown by pointing to the section of the civil complaint form which asks him to disclose what steps he took to exhaust his administrative remedies. In this section, he wrote that he "spoke with" Brown and that staff eventually emailed "The HCUA" about his lack of medical attention. (Doc. 1, p. 7-8). These assertions do no allow Plaintiff's claim that Brown acted with deliberately indifference to his serious medical need to rise above the speculative level. Plaintiff may have communicated with

Page 2 of 4

Brown about his grievances, but it is not clear what he believes she did or failed to do to violate his constitutional rights. *See Brown v. Randle*, 847 F.3d 861, 865 (7th Cir. 2017) ("Public officials are accountable for their own conduct, but they are not vicariously liable for the acts of their subordinates."). Accordingly, the Court will not reconsider the dismissal of the claims against Brown.

As for Nurse Summer, Plaintiff cites to exhibits to demonstrate the conduct that he believes rose to the level of deliberate indifference. For the reasons stated above, the Court will not reconsider Plaintiff's claims against Nurse Summer based on the exhibits attached to the Complaint.

Finally, as for Wexford, Plaintiff contends that the collegial review process indirectly caused delay of care for his broken nose. He adds additional facts further explaining his theory and references exhibits that support his assertion that his care was unconstitutionally delayed by Wexford's collegial review process and sick call practices and/or policies. Plaintiff, however, has not shown that the Court's Order contained an error of fact or law based on the allegations in the Complaint itself, and the Court will not reconsider its Order based on new additional factual allegations and information contained in the exhibits. For these reasons, the request to reconsider is denied.

Plaintiff may replead the claims the Court dismissed in the Merit Review Order in an amended complaint. The request for leave to amend, however, is denied as moot. Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading once as a matter of course without permission of the Court up until 21 days after service, or until 21 days after service of a responsive pleading if one is filed. The waiver of service in this case was issued on January 22, 2025, and has not been returned, so Plaintiff is still well within the period to amend without the Court's permission. If Plaintiff chooses to file an amended complaint, he is reminded that the

amended complaint is a single document that completely replaces the original Complaint, must stand on its own without reference to any other pleading, and include all claims against all defendants.

**IT IS SO ORDERED.**

**DATED:   February 5, 2025**

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**